IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00845-REB-MJW

JONATHAN APODACA, *and*
JOSHUA VIGIL,
*on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

RICK RAEMISCH, *Executive Director, Colorado Department of Corrections, in his individual capacity*, *and*
TRAVIS TRANI, *Warden, Colorado State Penitentiary, in his individual capacity*,

Defendants.

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT (Docket No. 18)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiffs are former inmates at Colorado State Penitentiary ("CSP"), a maximum-security prison outside of Canon City, Colorado. They allege that CSP violated the Eighth Amendment by failing to provide them access to outdoor exercise for eleven months—and further, that CSP continues to do so despite this Court's judgment in *Anderson v. Colorado*, 887 F. Supp. 2d 1133, 1142 (D. Colo. 2012) (finding CSP's practices did not constitute adequate outdoor exercise and violated Eighth Amendment where inmate had no other access to outdoor exercise for twelve years). Plaintiffs are members of a class action seeking injunctive relief, pending in this Court under the caption *Decoteau v. Raemisch*, Case No. 13-cv-03399-WJM-KMT. In addition, Plaintiffs bring this separate class action seeking punitive damages.

Defendants move (1) for summary judgment as to Plaintiff Vigil, arguing that he has not exhausted his administrative remedies; and (2) to dismiss the complaint in full, arguing that an eleven-month deprivation fails to state an Eighth Amendment claim. For the following reasons, the Court recommends that Defendants' motion be denied in all respects.

### **Failure to Exhaust**

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

Defendants argue that they are entitled to judgment as a matter of law as to Plaintiff Vigil's claims because he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). More specifically, the Colorado Department of Corrections' ("CDOC") formal grievance process requires (1) that "[a]n offender may only pursue a grievance concerning a problem that affects the offender personally" (Docket No. 18-1, p.9); and (2) that the first formal grievance "must be filed no later than 30 calendar days from the date the offender knew, or should have known, of the facts given rise to the grievance" (Docket No. 18-1, p.12). Plaintiff Vigil alleges in the complaint that he was incarcerated at CSP from May 2013 to April 2014. (Docket No. 1 ¶ 87.) The affidavit and supporting documents filed by Defendants in support of their motion establish that Plaintiff Vigil did not file a formal grievance until December 2014— a fact that Vigil does not dispute. (Docket No. 18-1, p.23; Docket No. 29-3 ¶ 21.) Because the Plaintiff Vigil's grievance as to CSP's outdoor-exercise practices was not

3

filed until more than 30 days after those practices no longer personally affected him, Defendants argue that he did not timely exhaust his administrative remedies.

Plaintiff Vigil's first two arguments in response are related to each other. First, he argues that Defendants waived their right to assert timeliness by not raising it during the administrative process. Second, he argues that Defendant's position as to the grievance process, if accepted by the Court, would show that the process provides no remedy for this grievance—and thus that he wasn't required to exhaust the process. The Court agrees with both arguments.

Plaintiff's Step 1 grievance stated:

> I was housed in C.S.P. where I was denied the opportunity for regular outdoor exercise. According to Anderson v. CDOC this is a violation of my 8th amendment rights. I request that I never be subjected to these conditions again.

(Docket No. 18-1, p.23.) A Grievance Coordinator responded by noting that Plaintiff Vigil was provided with "recreational privileges commensurate with [his] custody status," which was "a minimum of one hour of exercise per day outside their cells, a minimum of five days per week, unless security or safety considerations dictate otherwise." (*Id.*) The same Grievance Coordinator denied Plaintiff Vigil's Step 2 grievance, saying "Mr. Vigil, your assignment to CSP was only temporary, and thus you are no longer temporarily assigned to CSP. Grievance denied, remedy denied." (*Id.* at 24.) Plaintiff Vigil's Step 3 grievance was denied with the notation "Not exhausted," and the further explanation:

> This issue does not affect you personally at this time and therefore this grievance is not a valid method for you to redress this issue. You have not followed the procedures outlined in AR 850-04. You have not

>exhausted your administrative remedies in this matter.  This is the final administrative action in this matter.

(*Id.* at 25–26.)

Despite language that this decision was based on procedural default, there is no language in the denial about timeliness or about missed deadlines.  The decision is, rather, based on mootness: that Vigil was no longer subject to the complained-of conditions, and thus no remedy could be provided.  CDOC never raised the issue of timeliness during the administrative process, and it has therefore waived its right to raise timeliness in these proceedings.  *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134–37 (D. Nev. 2006) (deriving waiver theory from *Woodford v. Ngo*, 548 U.S. 81 (2006)); *see also Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."); *Jewkes v. Shackleton,* No. 11-cv-00112-REB-RNB, 2012 WL 3028054, at *3 (D. Colo. July 23, 2012) (citing *Ross v. County of Bernalillo* for the proposition that "the prison not only defines the rules, but also can waive the enforcement of them.").  Further, setting aside timeliness, Defendants have cited no authority for the proposition that an inmate is procedurally defaulted from seeking monetary damages when the complained-of condition has been mooted.  Indeed, even inmates who seek *only* monetary damages are required to exhaust administrative remedies, so long as some other remedy might be available.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  And if the administrative process could not afford *any* relief, then Plaintiff Vigil was not required to exhaust it.  *Id.*

at 736 n.4.  Thus, although CDOC could have denied Plaintiff Vigil's claim as untimely, it didn't—and having made that mistake, CDOC cannot now turn to mootness as a procedural default.

Plaintiff Vigil presents two further arguments in response, which the Court will address in the alternative.  First, Plaintiff Vigil argues that Defendants prevented him from filing his formal grievance by not timely responding to his informal grievance.  The Court disagrees.  Plaintiff Vigil's *informal* grievance was not filed until October 2014—making it, too, untimely.  (Docket No. 29, p. 5 ¶¶ 9–10; Docket No. 29-3 ¶¶ 9–21 (references in to October 2013, in context, are typos meant to refer to October 2014).)  Plaintiff Vigil's affidavit recounts a period of time from September 2014 through November 2014 where Defendants actively obstructed his grievance rights, but the affidavit provides no explanation as to what prevented him from filing his grievance from April 2014 (when he left CSP) to September 2014 (when the obstructive conduct began).

Finally, Plaintiff Vigil's argues that Defendants prevented him from timely filing his grievances by creating an institution-wide hostile environment of retaliation and of routinely thwarting grievances.  "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."  *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).  Plaintiff Vigil submits 33 affidavits from fellow inmates in support of this argument, each alleging frustration or fear arising from the grievance process.  Defendants argue that these affidavits cannot be considered for

purposes of summary judgment—but in so doing, Defendants ignore the express provisions of Federal Rule Civil Procedure 56(c)(4), which provides that affidavits *can* be considered on summary judgment. "While the party opposing summary judgment need not produce evidence in a form that would be admissible at trial, the *content or substance* of the evidence must be admissible." *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir. 1998) (internal quotation marks and ellipses omitted; emphasis added). The cases cited by Defendants concern affidavits that themselves recount the statements of someone other than the affiant—hearsay within hearsay, in other words. Here, by contrast, the content of inmates' proffered testimony is admissible. And viewed in the light most favorable to Plaintiffs, they create a genuine dispute as to whether CDOC actively thwarts the administrative-grievance process at CSP—which is a material fact.

For the foregoing reasons, the Court recommends that Defendants' motion for summary judgment as to Plaintiff Vigil be denied.

## **Stating a Claim**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Facts are viewed in the light most favorable to the plaintiff, and all reasonable inferences are drawn in the plaintiff's favor. *Dias v. City & Cnty. of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009). Here, Defendants argue that, as a matter of law, denial of outdoor exercise for any period of less than a year never states a claim under

the Eighth Amendment. Because Plaintiffs allege they were denied outdoor exercise for eleven months, they cannot state a claim if there's a bright-line rule at twelve months.

Defendants' argument requires this Court to resolve two Tenth Circuit cases that seem to conflict, as well as precedent from this Court. In *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 810 (10th Cir. 1999), the Court held that a prisoner had stated a claim under the Eighth Amendment based on a lack of outdoor exercise. The inmate's legal claim was based on denial of exercise for nine months. *Id.* at 805. But the court also indicated, in discussing the inmate's Due Process claim, that he hadn't had outdoor exercise in "over a year." *Id.* at 809. Regardless of the exact number of months, the court explicitly noted that, under Tenth Circuit precedent, the appropriate test is a fact-intensive standard rather than a bright-line rule. *Id.* at 810 n.8 ("As in *Housley,* '[w]e recognize . . . that what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates.'" (quoting *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994)).

Nine years later, the Tenth Circuit decided *Ajaj v. United States*, 293 F. App'x 575 (10th Cir. 2008). There, the inmate had been "denied access to outdoor recreation his first year" at the prison; Judge Baldock, writing for the court, held that this did not state a claim under the Eighth Amendment. *Id.* at 584. Judge Baldock did not cite *Perkins* and did not elucidate any test—neither a rule, nor a standard—other than noting that another case had found a three-year deprivation to state a claim. *Id.* (citing *Fogle v. Pierson,* 435 F.3d 1252, 1260 (10th Cir. 2006)). Then-Chief Judge Henry wrote

8

separately, emphasizing that the inmate had "regularly declined outdoor exercise opportunities" and "was allowed indoor recreation." *Id.* at 587. Judge Henry went on, however, to reject the government's arguments that a bright-line rule existed and that a deprivation of one year or less could never state a claim under the Eighth Amendment—positions Judge Henry found to be at odds with circuit precedent. *Id.* at 588. Judge Henry walked through extended precedent, including a discussion of *Perkins*, establishing a facts-and-circumstances standard and showing that a deprivation of outdoor exercise for one year could, under appropriate circumstances, violate the Constitution. *Id.* at 588–91.

  The Court does not write on a blank slate in attempting to reconcile *Ajaj*—which found no claim at twelve months—with *Perkins*—which found a claim at nine (or perhaps twelve) months. Judge Martinez, denying a motion for summary judgment in *Decoteau* (the injunctive-relief case pending parallel to this one, in which Plaintiffs are represented as class members), discussed both cases and determined (1) that *Ajaj* did not abrogate the Tenth Circuit's previous precedent, and (2) that the plaintiffs' claim could proceed whether it was based on nine months or a year. *Decoteau v. Raemisch*, No. 13-CV-3399-WJM-KMT, 2015 WL 3407232, at *3 (D. Colo. May 27, 2015).

  The Court finds Judge Martinez's analysis persuasive. There is no bright-line rule, whether set at twelve months or elsewhere. The Court must look to the facts a circumstances—after all, the Tenth Circuit has found a claim where the inmate alleged less than thirty minutes of out-of-cell exercise in *three months*. *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994), *overruled on other grounds by Lewis v. Casey*, 518 U.S.

9

343 (1996). As the *Housely* court explained—and as Judge Henry again explained in his concurring opinion in *Ajaj*—"what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates." *Housley*, 41 F.3d at 599. The fact that Plaintiffs were deprived of outdoor exercise for only eleven months does not, without further analysis, establish that they have no claim as a matter of law. Drawing reasonable inferences in Plaintiffs' favor, as the Court must under Rule 12(b)(6), Plaintiffs have stated a claim.

For the foregoing reasons, the Court recommends that Defendants' motion for to dismiss the complaint be denied.

## Recommendation

For the foregoing reasons, the Court RECOMMENDS that Defendants' Motion to Dismiss or Motion for Summary Judgment (Docket No. 18) be DENIED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated:	September 8, 2015	*/s/ Michael J. Watanabe*
	Denver, Colorado	Michael J. Watanabe
		United States Magistrate Judge