**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 15-cv-00845-REB-MJW

JONATHAN APODACA, and
JOSHUA VIGIL, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections, in his
individual capacity, and
TRAVIS TRANI, Warden, Colorado State Penitentiary, in his individual capacity,

Defendants.

---

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) the recommendation contained in the magistrate

judge's **Report and Recommendation on Defendants' Motion To Dismiss or Motion**

**for Summary Judgment** [#64],[1] filed September 8, 2015; and (2) defendants'

**Objections to Report and Recommendation on Defendants' Motion To Dismiss or**

**Motion for Summary Judgment** [#67], filed September 25, 2015.  I overrule the

objections, adopt the recommendation, and deny the apposite motion to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

recommendation to which objections have been filed, and have considered carefully the

recommendation, the objections, and the applicable caselaw.  The recommendation is

---

[1] "[#64]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

detailed and well-reasoned. Defendants' objections ultimately are without merit.

Defendants' suggestion that the magistrate judge erred in concluding that Mr.

Vigil's claims were not subject to dismissal for failure to exhaust completely elides the

actual rationale for that determination, that is, that defendants forfeited[2] any right to

object to Mr. Vigil's grievances as untimely by failing to raise timeliness as a basis for

denying the grievances in the administrative proceedings.  The magistrate judge's

analysis of this issue is cogent and belies any suggestion that Mr. Vigil's claims must be

dismissed on this basis.

The  magistrate judge also recommends rejecting defendants' motion to dismiss

the entire action on the ground that plaintiffs' alleged eleven-month deprivation of

outdoor recreation fails to state a cognizable claim for violation of the Eighth

Amendment.  Defendants do not object to the determination that a violation occurred,

but complain that the magistrate judge failed to address the second prong of their

argument for qualified immunity, that is, that the law was not clearly established at the

time of the alleged violations.  Although the recommendation does not address this

prong of the qualified immunity analysis, I find the oversight ultimately harmless

because based on the facts pled in the complaint, plaintiffs have adequately alleged the

violation of a clearly established right.

To rehearse, state officials are immune from civil liability unless their actions

violate "clearly established statutory or constitutional rights of which a reasonable

---

[2]  "[F]orfeiture is the failure to make the timely assertion of a right, [while] waiver is the intentional relinquishment or abandonment of a known right." **United States v. Olano**, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (citation and internal quotation marks omitted).

person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727,

2738, 73 L.Ed.2d 396 (1982); *see also Herring v. Keenan*, 218 F.3d 1171, 1175 (10th

Cir. 2000), *cert. denied*, 122 S.Ct. 96 (2001).  To overcome this immunity, plaintiffs

must establish both that defendants violated their rights under federal law and that such

rights were clearly established at the time of the violation.  *Greene v. Barrett*, 174 F.3d

1136, 1142 (10th Cir. 1999).

Here, the magistrate judge's analysis thoroughly addresses the first prong of the

qualified immunity test.  I concur with his analysis in that regard and defendants do not

contest it.  They nevertheless insist that the law was not clearly established in May

2013.[3]  I disagree.  As the magistrate judge recounted in his recommendation, the Tenth

Circuit's decision in *Perkins v. Kansas City Department of Corrections*, 165 F.3d 803

(10th Cir. 1999), makes pellucid that there is no bright-line rule tied to the length of the

deprivation in this circuit.  Regardless whether the deprivation in *Perkins* was actually

nine months (as alleged by the plaintiff in that case), or twelve months (as suggested

elsewhere in the court's opinion), the fact remains that *Perkins* established that a

prisoner's Eighth Amendment claim for denial of access to outdoor recreation is not

automatically barred simply because the deprivation lasts less than a prescribed

number of months.  Instead, courts in this circuit must inquire into the specific facts and

circumstances of each case.  *Id.* at 809-10.  Although the length of the deprivation

certainly is a relevant factor in the court's calculus, it is neither dispositive nor

---

[3] Named plaintiffs seek to represent a putative class of inmates who were denied outdoor recreation for a period of nine months or more between May 24, 2013, and April 2014.  The starting date of the class period is tied to the district court's decision finding an Eighth Amendment violation in *Anderson v. State of Colorado*, 887 F.Supp.2d 1133 (D. Colo. 2012),.

necessarily more weighty than other considerations.  *See id.* at 810 n.8.

Even if *Perkins* itself were somehow unclear on this point – which it is not –

former Chief Judge Henry's concurring opinion in *Ajaj v. United States* should have

served to confirm the Circuit's position on this issue.  *See* 293 Fed. Appx. 575, 587-91

(10th Cir. 2008) (Henry, C.J., concurring), *cert. denied*, 129 S.Ct. 1600 (2009).[4]  It is

true that the plaintiff there, who allegedly had been "denied access to outdoor recreation

for his first year" of incarceration, was found to have failed to state an Eighth

Amendment claim.  *See id.* at 584 (majority opinion).  Nevertheless, then-Chief Judge

Henry took especial care to examine the precedents both in this circuit and others

before concluding that "a prisoner who has been deprived of outdoor exercise for one

year . . . *could* make out an Eighth Amendment claim under the summary judgment

standard of review."  *Id.* at 588 (emphasis added).[5]

Nor am I persuaded by defendants' suggestion that dismissal is warranted

because the complaint fails to allege any facts or circumstances – aside from the length

of the named plaintiffs' respective denials of outdoor recreation – that might be relevant

to the court's analysis.  This is simply not the case.  For instance, the complaint alleges

that defendants had at least two other readily available and already established

avenues by which they could have easily provided plaintiffs with outdoor recreation.

(*See Complaint* ¶¶ 44-60 at 9-11 [#1], filed April 22, 2015.)  Even more relevant,

---

[4]  Although a court may not rely on unpublished decisions to find that a right was clearly established, *see Green v. Post*, 574 F.3d 1294, 1305 n.10 (10th Cir. 2009), *Ajaj* did not break new ground, but merely reaffirmed what should already have been pellucid following *Perkins*.

[5]  Noting that the inmate in *Ajaj* had "regularly declined outdoor exercise opportunities" and had been afforded opportunities for indoor recreation, Chief Judge Henry ultimately concurred with the outcome of the court's decision.  *See Ajaj*, 293 Fed. Appx. at 587.

however, plaintiffs allege that defendants unreasonably and willfully failed to provide outdoor recreation opportunities to all inmates at CSP even after a Colorado district court found that practice violated the Eighth Amendment. *See Anderson v. Colorado*, 887 F.Supp.2d 1133, 1142 (D. Colo. 2012). Indeed, the entire reason for this lawsuit is to seek punitive damages for that alleged failure to implement fully the court's mandate in *Anderson*. Given these circumstances, I find and conclude that plaintiffs' have stated a plausible claim for relief sufficient to survive dismissal under Rule 12.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendation contained in the magistrate judge's **Report and Recommendation on Defendants' Motion To Dismiss or Motion for Summary Judgment** [#64], filed September 8, 2015, is approved and adopted as an order of this court;

2. That the objections stated in defendants' **Objections to Report and Recommendation on Defendants' Motion To Dismiss or Motion for Summary Judgment** [#67], filed September 25, 2015. are overruled;

3. That defendants' related **Motion To Dismiss or for Summary Judgment** [#18], filed June 19, 2015, is denied.

Dated October 30, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge